UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JUAN P. ZELAYA,

                                                    **MEMORANDUM AND**
        - against -                                      **ORDER**
                                                    19-CV-7140 (RRM)


STATE OF NEW YORK,

                    Defendant.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

On June 18, 2013, petitioner Juan P. Zelaya was convicted of five felony sex offenses and

two counts of endangering a child and sentenced to 25 years' incarceration.  (Pet. (Doc. No. 1) at

1.)  In support of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Zelaya

now seeks:: (1) a translated copy of the trial transcripts, (2) expansion of the record and

discovery, (3) a hearing in order to establish cause to overcome the procedural bars raised by the

State in its opposition, (4) assignment of counsel and a translator, (5) leave to file an amended

application once the above-mentioned transcripts and discovery materials are delivered, (6) for

stay and abeyance, and (7) in the alternative, for extension of time to file a reply.  (Pet'r's Mot.

(Doc. No. 9). at 2.)[1]  For the reasons given below, the Court denies the motion as to (1)–(6) and

grants the motion as to (7).

## BACKGROUND

In response to Zelaya's petition for a writ of habeas corpus, on January 13, 2020, this

Court ordered the State to show cause why the writ should not issue.  (Order to Show Cause

(Doc. No. 4).)  In response, on April 29, 2020, the State filed a response along with the State

court record, including trial transcripts.  (Resp. to Pet. (Doc. No. 7); State Court Record (Doc.

---

[1] All page numbers refer to pagination assigned by the court's Electronic Case Filing System.

No. 8).)  On May 14, 2020 – less than three weeks after receiving the State's response – Zelaya

sought a writ of error coram nobis in the State Appellate Division, alleging ineffective assistance

of appellate counsel.  (*See* Pet. at 41–56.)  That application is currently pending in state court.

In the present motion, Zelaya requests that he be provided with the trial transcripts,

preferably translated into Spanish, in order to support his petition, especially as it relates to his

trial counsel's arguments about the use of U-Card visas to secure testimony.  (Pet'r's Mot. at 9.)

He further requests discovery pursuant to Rule 6 of the Rules Governing § 2254 Cases, as well as

an expansion of the record under Rule 7.  (*Id*. at 9–10.)  Specifically, Zelaya seeks interrogatories

from his trial and appellate counsel to establish cause and prejudice in order to counter the

State's response that he has failed to exhaust state court procedures.  *See id*.  Zelaya also hopes to

expand an argument of ineffective assistance of counsel he first presented on direct review in the

State Appellate Division, again regarding trial counsel's challenge to testimony allegedly

obtained by the use of U-visas.  (Resp. to Pet. at 20–22; Pet. at 58–59.)  Zelaya also asks that the

State produce the U-visa evidence itself, which, he argues, constituted *Brady* evidence to which

he was entitled at trial.  (Pet'r's Mot. at 10.)  Finally, Zelaya seeks the entirety of the record

pertaining to his case.  (*See id*. at 10, 85–87.)

Zelaya also asks the Court to grant a hearing on the State's contention that his claims are

procedurally defaulted, on the grounds that he has made a colorable claim of cause and prejudice

excusing any default, and that the State has failed to develop the record on this issue.  (*Id*. at 11.)

Cause exists, argues Zelaya, because of ineffective assistance of counsel at trial and appeal, and

owing to his inability to speak English.  (*Id*.)  Zelaya further argues that the Court should

exercise its discretion to appoint counsel under 18 U.S.C. § 3006(a)(2)(B) or Rule 6 because of

his inability to understand English, his lack of legal training, the complexity of establishing a

claim of cause and prejudice to overcome the procedural bars argued by the State, and the complexity of his ineffective assistance claims.  (*Id*. at 13.)  Zelaya further seeks permission to file an amended Petition under Rule 15(a) of the Federal Rules of Civil Procedure based on the transcripts and discovery he is requesting; a stay and abeyance to allow him to exhaust the issues contained in his writ of error coram nobis; or, in the alternative to the foregoing, 60 days to file a reply to the State's opposition.  (*Id*. at 15–17.)

## DISCUSSION

### I.    The Request for Transcripts

Zelaya argues that he has a right to the full trial transcripts in support of his petition, and that these transcripts should be translated into Spanish.  Rule 5(c) of the Rules Governing § 2254 Cases requires a respondent to "attach to the answer parts of the transcript that the respondent considers relevant."  However, "Rule 5 serves to assist the court, not the petitioner."  *Monko v. Senkowski*, No.  97-CV-2895 (DRH) (ARL), 2009 WL 10441652, at *2 (E.D.N.Y. July 6, 2009).  This rule does not empower a petitioner to compel production of transcripts for their personal legal use.  *See id.*

The State has fully complied with Rule 5(c) by submitting those portions of the trial transcripts relevant to the petition.  (State Court Record.)  Though the State did not submit the full trial transcripts, their submissions  suffice to allow the Court to adjudicate Zelaya's claims, and Zelaya does not have any further right to state-court transcripts or their translations.

### II.    Expansion of the Record and Request for Discovery

Rule 6(a) of the Rules Governing habeas petitions pursuant to 28 U.S.C. § 2254 permits discovery upon the petitioner's showing of good cause, if specific allegations demonstrate a potential entitlement to relief.  *See Drake v. Portuondo*, 321 F.3d 338, 345 (2d Cir. 2003)

(quoting *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)).  Under Rule 7 of the Rules Governing § 2254 Cases, the Court may expand the record, but when the federal court is reviewing the merits of a state court's findings, a petitioner is not entitled to evidence that was not before the state court.  *See Garcia v. Lee*, No. 11-CV-1803 (KMK) (PED), 2015 WL 13717611, at *14 (S.D.N.Y. July 1, 2015) (citing *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) and collecting cases), *report and recommendation adopted*, No. 11-CV-1803 (KMK), 2018 WL 2268129 (S.D.N.Y. May 17, 2018).  An unexhausted claim of ineffective assistance of appellate counsel may not be used to establish cause or prejudice.  *See Murray v. Carrier*, 477 U.S. 478, 489 (1986).

The issue of ineffective assistance of trial counsel was considered by the state court and therefore new evidence will not be admissible on that claim under *Pinholster*.  Discovery or expansion of the record would therefore be futile.  Nor do the facts alleged on this score make out a threshold showing of cause or prejudice.  As to the claim of ineffective assistance of appellate counsel, that issue is currently pending in state court, is not procedurally defaulted, and is therefore not properly before this Court.  Nor under the rule of *Carrier* may it be used to show cause excusing any default.  Zelaya's request for the entire state-court record is overbroad and not directed towards any specific allegations.  It is therefore meritless.

### III.     Hearing to Establish Cause and Prejudice

Zelaya claims that a hearing is necessary to determine whether there is evidence of cause and prejudice for the procedural defaults alleged by the State.  A petitioner may overcome a procedural bar upon a showing of cause for the default and prejudice flowing therefrom.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996).

Here, because there is no reason for discovery or expansion of the record on either question of ineffective assistance of counsel, the Court need not address the issue of a hearing. There is no good cause for expansion of the record in any form, and a hearing is plainly not warranted. Zelaya's argument that his own language barrier caused any default does not stand to reason, as he was represented by English-speaking counsel both at trial and on direct appeal.

## IV.     Assignment of Counsel

Zelaya argues that the Court should assign counsel. The Court will not consider the propriety of assigning pro bono counsel unless the petitioner makes a threshold showing that his claim "is likely to be of substance." *See Hodge v. Police Officers*, 802 F.2d 58, 60–61 (2d Cir. 1986). On the papers before this Court, it does not appear that Zelaya's claims are likely to be of substance, and his allegations that the ineffective assistance claims will be complex to argue are irrelevant absent that threshold showing.

## V.     Leave to Amend

Zelaya asks for leave to amend on the basis of the transcripts and discovery requested. Because the Court has denied further development of the record or production of transcripts, there is no need to consider this claim.

## VI.     Stay and Abeyance

Zelaya asks for a stay and abeyance pending the resolution of his Coram Nobis application in state court. A petitioner must show good cause, amongst other factors, before the Court will grant stay and abeyance. *See Rhines v. Weber*, 544 US 269 (2005). Here, Zelaya has not posited any cause at all for his failure to exhaust the claims raised in this writ of error coram nobis. It appears the State's response to Zelaya's petition prompted Zelaya's tardy application. The convenience of the petitioner is not a basis for finding "good cause" under *Rhines*.

**VII.    Application for Extension of Time to File a Reply**

The Court grants Zelaya's motion to for a 60-day extension to file a reply to the State's

opposition.  Zelaya is ordered to file a reply no later than 60 days from the date of this Order.

**CONCLUSION**

Zelaya is granted 60 days from the date of this order to file a reply.  Zelaya's motion is

denied in all other respects.

The Clerk of Court is directed to mail a copy of this Order to the *pro se* petitioner and to

note the mailing on the docket.

SO ORDERED.

Dated:  Brooklyn, New York                    *Roslynn R. Mauskopf*
        March 31, 2021

_____
ROSLYNN R. MAUSKOPF
United States District Judge

6